## WILLIAM and PEGGY HUDSON v. JONATHAN WALLACE.

Court of Common Pleas. Kent. May 13, 1799.

*Rodney's Notes.*

*Bayard* [for plaintiff].

May 15, 1740, warrant to Samuel Mann [for] three hundred acres, George Stephenson, surveyor.

John Guilder. Have known this land upwards of thirty years. Alexander Craig, who married the Widow Hudson was then in possession. She was sister to Samuel Mann. I believe after her death Alexander Hudson, her son, had possession. Wallace got

---

[1] Blank in manuscript.

in possession before this action brought. He bought of Daniel Mifflin.

Samuel Mann devised by will to Isabella, his daughter, she to her son Alexander by will proved October, 1789. Survey offered by *Bayard* objected to by *Ridgely* [on the ground]·that it is neither original nor copy, but made at plaintiff's instance.

Mrs. Hudson proved the original was lost, but she never saw it; and Mr. Guilder that he was present when Mark McCall made this plot. He had Stephenson with him in March, 1792.

The Court are of opinion the plot should not be given in evidence, and counsel pray an exception, [because] John Guilder [was] not admitted to give evidence of the running by McCall.

John Brown. 1783, deed Samuel Hanson to Peter Becket. Deed to Daniel Mifflin and from him to Jonathan Wallace. Consideration £140.

*Ridgely* [for defendant].

*Bayard* [for plaintiff].

CHIEF JUSTICE. There seems to be no difference between counsel as to the law. If the lines of plaintiff include the land in dispute, you must find for plaintiff. On the contrary, if they do not, the Act of Limitation must have its operation, and plaintiffs must prove the possession in them within twenty years or fail in their action.